## FERGUSON v COLLINS et

Ohio Appeals, 6th Dist, Lucas Co

No 2803.   Decided July 3, 1933

Mrs. Eva E. Shaw, Toledo, and W. S. Thurstin, Jr., Toledo, for plaintiff in error.

J. I. O'Connor, Director of Law, Toledo, and Gerald P. Openlander, Assistant Director of Law, Toledo, for defendants in error.

## OPINION

By RICHARDS, J.

Toledo is a charter city and §144 of Chapter 7 of the charter reads as follows:

"Any person in the division of police or fire under the exclusive control of the chief thereof, who is suspended, reduced in rank, or dismissed from the department by the director of public safety, may appeal from the decision of such officer to the civil service commission within ten days from and after the date of such suspension, reduction or dismissal. In such event said director shall upon notice from the commission of such appeal, forthwith transmit to the commission a copy of the charges and

proceedings thereunder. The commission shall hear such appeal within ten days from and after the filing of the same with the commission, and may affirm, disaffirm or modify the judgment of the director of public safety, and its judgment in the matter shall be final."

The contention made on behalf of the city is that the only remedy which the plaintiff had is that provided by this section and by its terms the judgment of the civil service commission is final. The contention of the plaintiff is that by the provisions of §486-17a, GC, which became, as amended, effective August 2, 1931, she is entitled to an appeal from the decision of the civil service commission to the Court of Common Pleas. The amendment to that section extended the right of appeal so as to include any member in the classified service of a police or fire department who was appointed to a position under the provisions of the statute and had been dismissed therefrom.

We find nothing in §144 of the charter of the City of Toledo which is in violation of the Constitution. The matter of regulation and discipline of the police force is an exercise of local self government within the power and authority of the city and regulated by the charter. That being true, the method of procedure governing review of dismissal from the service is that provided in the section of the charter above quoted.

In addition to this, the statute on which reliance is placed by the plaintiff is by its terms only applicable to the tenure of the officer or employe in the classified service holding a position under the provisions of the statute and the only right of appeal given by the statute is to those who hold or have held a position thereunder. The plaintiff held her position under and by virtue of the provisions of the charter of the City of Toledo, and when the civil service commission, after hearing her case, sustained the dismissal, that decision became final, from which no appeal would lie.

We have decided this case upon the merits without considering the question whether, under the provisions of §26, GC, the amendment to §486-17a, GC, could in any event aid plaintiff's case, for it was an amendment made while her proceeding was pending.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.